UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60943-DIMITROULEAS/SNOW

BOBBY TUCKER,

    Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Snow (the "Report") [DE 28], filed herein on February 8, 2022. The Court has conducted a *de novo* review of the Report [DE 28] and has carefully considered Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge [DE 29] and Defendant's Response to Plaintiff's Objections [DE 30]. The Court is otherwise fully advised in the premises.

**I.    BACKGROUND**

Plaintiff filed an application for disability benefits on April 22, 2019, alleging disability since March 1, 2016 as a result of epilepsy, post-traumatic stress disorder (PTSD), traumatic brain injury, and brain atrophy. The application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 7, 2020. On December 16, 2020, the ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the Plaintiff's request for review on March 11, 2021. On May 3, 2021, Plaintiff filed this action seeking judicial review of the decision of the Commissioner. *See* [DE 1].

Plaintiff filed a Motion for Summary Judgment on December 6, 2021, and an Amended Motion for Summary Judgment on January 31, 2022. [DEs 22, 27]. On January 5, 2022, Defendant filed a Motion for Summary Judgment. [DE 23]. On February 8, 2022, Magistrate Judge Snow issued her Report, recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted. *See* [DE 28].

II. **STANDARD OF REVIEW**

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

III. **DISCUSSION**

Plaintiff objects to the ALJ's purported error in evaluating and assigning proper weight to the opinions of three psychologists who evaluated the Plaintiff's competence to participate in pending criminal proceedings. Plaintiff also asserts that the Magistrate Judge was incorrect in

concluding that substantial evidence supported the ALJ's conclusion that Plaintiff has no mental limitations in his ability to work. In her Report, Magistrate Judge Snow explained the reasons that the ALJ's decision was supported by the record evidence, noting that the ALJ's assessment of Plaintiff's mental impairment was based on all the evidence of record and did not rest exclusively on the opinions of the state agency psychological consultants.

Plaintiff also objects to the ALJ's purported error in refusing to consider the commonsense argument that the job of a real estate agent requires driving. The Magistrate Judge already considered and rejected this argument, pointing out that "the Dictionary of Occupational Titles (DOT) description of the occupation makes no mention of the need for driving a motor vehicle." The Magistrate judge determined that "[s]ince the VE's testimony and the DOT support the ALJ's determination that the Plaintiff has the residual functional capacity to perform his past relevant work" as a real estate agent, "Plaintiff is not entitled to reversal or remand on this ground."

Upon review of the record, the Court agrees with the reasoning, conclusions, and recommendations of the Magistrate Judge. A court should affirm an ALJ's decision "if the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted). The Court agrees with Magistrate Judge Snow that substantial evidence is present.

Plaintiff's final objection is a constitutional one: that the Commissioner's delegation of authority was invalid on separation of powers grounds. As Magistrate Judge Snow noted, the Commissioner concedes that 42 U.S.C. § 902(a)(3), the statute governing the term and removal of the Commissioner of Social Security, violates separation of powers. Nevertheless, Magistrate

Judge Snow determined that Plaintiff has not demonstrated that the removal provision inflicted any compensable harm. As Magistrate Judge Snow correctly noted, "[t]he harm identified by Plaintiff in the instant case is the fact that he received unfavorable decisions from an ALJ and Appeals Council pursuant to delegation of duties to those by Commissioner Saul, who was operating under an unconstitutional removal clause. Clearly this is not sufficient, as it would apply to virtually every disability case since the enactment of § 902(a)(3) and would render meaningless [*Collins v. Yellen*]'s requirement of direct harm."

Plaintiff objects to Judge Snow's finding, arguing that he suffered two specific additional injuries beyond a mere denial of benefits, both related to the actions of Appeals Council that took place after President Biden took office. First, that he did not receive the constitutionally valid adjudication process from the Appeals Council to which he was entitled. Second, that he did not receive the constitutionally valid determination by the Appeals Council to which he was entitled. Plaintiff contends that President Biden would have removed Commissioner Saul even earlier than he did if it were not for the unconstitutional removal provisions, suggesting that the Appeals Council acted without authority on March 11, 2021.

Upon careful consideration, the Court overrules the objections. First, Plaintiff has not cited any case that has adopted his position, and the Court could not find any. Second, these objections are, in essence, premised on the same argument correctly rejected by Magistrate Judge Snow—that the Appeals Council issued an unfavorable decision pursuant to the delegation of authority from former Commissioner Saul, who was operating under an unconstitutional removal clause. As Judge Snow correctly noted, "Plaintiff has failed to demonstrate that the removal provision had any or actual or possible impact on the unfavorable decision he received." Third, Plaintiff offers insufficient evidence to suggest that, but for the unconstitutional removal

provision, President Biden would have removed Commissioner Saul by that date. The only evidence offered by Plaintiff is a White House Official's justification for Commissioner Saul's removal, suggesting that Commissioner Saul was removed from office in part because he had "undermined and politicized Social Security disability benefits," and "reduced due process protections for benefits appeals hearings." *See* https://federalnewsnetwork.com/people/2021/07/biden-fires-saul-as-ssa-commissioner/ (last visited March 10, 2022). However, this statement does not itself establish sufficient evidence to support Plaintiff's general claim of harm in his own case. *See, e.g.,Shaun A. v. Comm'r of Soc. Sec.*, No. C21-5003-SKV, 2021 WL 5446878, at *5 (W.D. Wash. Nov. 22, 2021).[1] Even assuming Plaintiff had met this burden, he has not shown that, but for the removal provision, the Appeals Council would have acted differently on his request for review.

Accordingly, the Court agrees with Magistrate Judge Snow that the removal clause in § 902(a)(3) does not require the Court to reverse the ALJ's decision.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 28] is hereby **APPROVED**;

2. Plaintiff's Objections [DE 29] are hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 22] is hereby **DENIED** as **MOOT**.

4. Plaintiff's Amended Motion for Summary Judgment [DE 27] is hereby **DENIED**;

5. Defendant's Motion for Summary Judgment [DE 23] is hereby **GRANTED**;

---

[1] To the extent that Plaintiff generally suggests that Commissioner Saul deprived him of due process, Plaintiff offers virtually no support for this claim.

6. The ALJ's decision is **AFFIRMED**; and

7. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of March, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record